UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | Case No.: 12-CV-05766-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART MOTION FOR |
| v. | ) | ATTORNEYS' FEES AND COSTS |
| | ) | |
| JESUS CISNEROS ORTIZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff J&J Sports Productions, Inc. ("Plaintiff") brought this action against Defendants Jesus Cisneros Ortiz, Maria Cisneros Ortiz, and Ventura Ortiz, individually and doing business as El Alteno ("Defendants"), arising from Defendants' allegedly unauthorized public exhibition of a televised sporting event.  Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs.  *See* Pl.'s Mot. Attys' Fees and Costs. ("Mot."), ECF No. 21.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument.  Accordingly, the hearing set for March 27, 2014, at 1:30 p.m. is VACATED.  For the reasons discussed below, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Attorneys' Fees and Costs.

## I.    BACKGROUND

Plaintiff J&J Sports Productions, Inc. is a sports and entertainment programming distributor, and alleges it secured the exclusive domestic commercial distribution rights to

broadcast the "Manny Pacquiao v. Juan Manuel Marquez III, WBO Welterweight Championship Fight Program" (the "Program"), which telecast nationwide on November 12, 2011.  *See* Compl. ECF No. 1, ¶ 20.  Plaintiff then entered into sub-licensing agreements with various commercial entities throughout the United States, wherein it granted limited public exhibition rights to these entities in exchange for licensing fees.  *See* Compl. ¶ 21.  On November 12, 2011, investigator Mary Gallant observed the Program being displayed at Defendants' commercial establishment, El Alteno, located in Watsonville, California.  *See* Compl. ¶¶ 7-13; Mot. for Default J., ECF No. 14-1, at 2.  Plaintiff alleges that Defendants intercepted the Program unlawfully, and intentionally exhibited it for the purpose of direct or indirect commercial advantage.  *See* Compl. ¶¶ 23-24.

On November 9, 2012, Plaintiff filed this action against Defendants for: (1) violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 605, et seq.; (2) violation of the Cable Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §§ 553, et seq.; (3) conversion; and (4) violation of California Business and Professions Code §§ 17200, et seq.  *See* Compl. at 5-10.

On January 25, 2013, the Clerk of the Court granted Plaintiff's request and entered default against Defendants.  *See* ECF No. 13.  On March 26, 2013, Plaintiff moved for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  *See* ECF No. 14.  On October 7, 2013, the Court granted Plaintiff's motion for default judgment.  *See* ECF No. 20.  The Court did not award attorneys' fees and costs at the time because Plaintiff's motion for default judgment did not specifically request attorneys' fees and costs; nor did the motion for default judgment provide any evidence to support such an award.  *Id.* at 8 n.2.  Thus, the Court advised Plaintiff that if Plaintiff "wishes to recover attorney's fees and costs, [Plaintiff's counsel] must file an affidavit and supporting documentation within 30 days of [the] Order, including a curriculum vitae or resume as well as billing and cost records to justify such an award."  *Id.*

On November 6, 2013, Plaintiff filed its Motion for Attorneys' Fees and Costs.  ECF No. 21.  No opposition was filed.

## II.       DISCUSSION

### A.       Attorneys' Fees

Case No.: 12-CV-05766-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS

**United States District Court**
For the Northern District of California

1    Reasonable attorneys' fees are recoverable under both § 605(e)(3)(B)(iii) and §

2    553(c)(2)(C).  The court determines the amount of reasonable attorneys' fees by applying the

3    "lodestar" method.  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001).

4    The lodestar is calculated by multiplying the number of hours the prevailing party reasonably

5    expended on the litigation by a reasonable hourly rate.  *Id.*

6    In determining reasonable hours, counsel bears the burden of submitting detailed time

7    records justifying the hours claimed to have been expended.  *Chalmers v. City of Los Angeles*, 796

8    F.2d 1205, 1210 (9th Cir. 1986).  "Where the documentation of hours is inadequate, the district

9    court may reduce the award accordingly."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A

10   district court should also exclude from the lodestar fee calculation any hours that were not

11   "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary.  *See*

12   *id.* at 433-34; *see also J & J Sports Prods., Inc. v. Napuri*, No. C 10-04171 SBA, 2013 U.S. Dist.

13   LEXIS 116238, at *4 (N.D. Cal. Aug. 15, 2013).

14   Next, the district court must determine a reasonable hourly rate, considering the experience,

15   skill, and reputation of the attorney requesting fees.  *Chalmers*, 796 F.2d at 1210.  Reasonable

16   hourly rates are calculated by reference to "prevailing market rates in the relevant community,"

17   with a special emphasis on fees charged by lawyers of "comparable skill, experience, and

18   reputation."  *Davis v. City of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992), vacated in part

19   on other grounds by 984 F.2d 345 (9th Cir. 1993).  As a general rule, the forum district represents

20   the relevant legal community.  *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *see also*

21   *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (in determining the prevailing

22   market rate, "generally, the relevant community is the forum in which the district court sits").

23   The fee applicant bears the burden of producing satisfactory evidence "that the requested

24   rates are in line with those prevailing in the community for similar services by lawyers of

25   reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895, n.

26   11 (1984).  "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in

27   the community, and rate determinations in other cases, particularly those setting a rate for the

28   plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers*

3

1    *of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

2              Here, Plaintiff requests a total of $2,990.00 in attorneys' fees based on 3.2 hours of work at

3    an hourly rate of $450 performed by Thomas P. Riley ("Riley"), as well as 3 hours of work at an

4    hourly rate of $150 performed by a paralegal ("PRL"), 8.25 hours of work at an hourly rate of $75

5    performed by an administrative assistant ("AA"), and 1.75 hours of work at an hourly rate of $275

6    performed by an unidentified person with the initials "ASC."  Declaration of Plaintiff's Counsel

7    Regarding Attorneys' Fees and Costs ("Riley Decl."), ECF 21-1, Ex. 1; *see also* Riley Decl. ¶ 7

8    (providing the description of the acronyms used in the billing records and failing to include any

9    description regarding "ASC").

10             In support of its fee request, Plaintiff submitted the declaration of Riley and a chart

11   describing the services rendered and hours billed.  *Id*.  However, the entries in the chart are not

12   based on contemporaneous billing records; instead, "[b]illable hours for legal services [were]

13   reconstructed by way of a thorough review of the files themselves" after services were rendered.

14   *See* Riley Decl. ¶ 6.  Riley declares that, "[h]aving handled thousands of commercial signal privacy

15   files over the last decade and a half, we are most capable of calculating billable hours for legal

16   services rendered.  Our rates for legal, administrative, and paralegal time are well within the

17   prevailing market rates for the Central District of California."  *Id*.  Riley further states that he has

18   been practicing law for "over two decades" and that his firm has specialized in the civil prosecution

19   of commercial signal piracy claims since 1994.  *Id*. ¶¶ 3-4.

20             "Absent the submission of detailed contemporaneous time records justifying the hours

21   claimed to have been expended on this case, the Court gives little weight to the figures provided by

22   Plaintiff."  *Napuri*, 2013 U.S. Dist. LEXIS 116238, at *6; *see also Joe Hand Promotions, Inc. v.*

23   *Be*, No. 11-CV-01333-LHK, 2011 U.S. Dist. LEXIS 124057, at *17-18 (N.D. Cal. Oct. 26, 2011)

24   ("Without actual billing records, . . . the Court gives little weight to . . . figures" in a chart

25   "reconstructing" billable time); *Joe Hand Promotions, Inc. v. White*, No. C 11-01331 CW (JSC),

26   2011 U.S. Dist. LEXIS 148057, at *5 (N.D. Cal. Dec. 6, 2011) ("Because the billing records were

27   not created contemporaneously, the Court finds that they are inherently less reliable."); *Zynga*

28   *Game Network Inc. v. Erkan*, Case No. 09-3264 SC, 2010 U.S. Dist. LEXIS 97676, at *4 (N.D.

4

1  Cal. Aug. 31, 2010) (denying motion for attorney's fees where plaintiff failed to attach "actual

2  billing records").

3      Moreover, Plaintiff's showing with respect to the hourly rates charged by the attorneys that

4  worked on this case is inadequate.  Plaintiff has made no effort to demonstrate that the hourly rates

5  charged are reasonable in the Northern District of California.  Instead, Riley simply asserts that the

6  rates charged are "well within the prevailing market rates for the Central District of California,"

7  and attaches the Laffey Matrix to support this assertion, which establishes the prevailing market

8  rates in the "District of Columbia."[1]  *See* Riley Decl. ¶ 6 and Ex. 2.  However, the Northern District

9  of California—not the Central District of California or the District of Columbia—is the "relevant

10  community" for purposes of determining whether the hourly rates charged in this case are

11  reasonable.  *See Gates*, 987 F.2d at 1405.  Plaintiff has not submitted an affidavit from any attorney

12  that worked on this case or from any other attorney attesting to the prevailing rates in the Northern

13  District of California for similar services by lawyers of reasonably comparable skill, experience

14  and reputation.  *See Davis*, 976 F.2d at 1546.  Similarly, Plaintiff has not submitted any evidence of

15  hourly rate determinations in other such cases in the Northern District of California setting the rate

16  for the attorneys seeking fees.  *See Phelps Dodge Corp.*, 896 F.2d at 407; *see also Napuri*, 2013

17  U.S. Dist. LEXIS 116238, at *7.  Attorney Riley's declaration, without any supporting evidence,

18  fails to meet Plaintiff's burden to establish that the rates sought are the prevailing market rates for

19  the Northern District of California.

20      Additionally, other than Riley's conclusory assertion that the rates charged "are comparable

21  to rates for specialized litigation law firms, and [his] personal rate [of $450 per hour] is comparable

22  to the rates of law firm partners who practice in specialized litigation," Riley Decl. ¶ 5, Plaintiff

23  offers no information or documentation justifying the rates requested, such as the curriculum vitae,

24  resume, or even the identities of the individuals who worked on this case.  As such, the Court

25

26  [1] The Ninth Circuit has questioned the relevance of the Laffey Matrix to determining a reasonable
   rate in the Bay Area.  *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)

27  ("But just because the Laffey matrix has been accepted in the District of Columbia does not mean
   that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles

28  away.  It is questionable whether the matrix is a reliable measure of rates even in Alexandria,
   Virginia, just across the river from the nation's capital.").

*United States District Court*
For the Northern District of California

5

1    cannot determine the comparable skill, experience, and reputation of the attorneys involved.

2    *Davis*, 976 F.2d at 1546.  There is no indication whether the unidentified independent "research

3    attorney" who allegedly worked on this case is admitted to practice law in California and, if so,

4    when he or she was admitted to practice.  Nor has Plaintiff provided a description of the

5    individual's educational background or litigation experience.  Further, there is no evidence that the

6    independent research attorney actually worked on the case.  The chart describing the services

7    rendered and hours billed shows entries for only Riley, a paralegal, an administrative assistant, and

8    an unknown individual with the initials "ASC."  Riley Decl., Ex. 1.  There are no time entries for

9    "RSA," the independent research attorney.  *See id.*  Finally, Plaintiff provides no information or

10   evidence as to the identity of "ASC," an individual who billed time on the case, and whether

11   "ASC" is an attorney or a staff member.  *See* Riley Decl. ¶ 7.

12        Accordingly, the Court concludes that Plaintiff has failed to carry its burden to demonstrate

13   that the requested fee award is reasonable.[2]

14        **B.    Costs**

15        Section 605 requires that the court award "full costs . . . to an aggrieved party who

16   prevails."  47 U.S.C. § 605(e)(3)(B)(iii); *see* 47 U.S.C. § 553(c)(2)(C) (A court may "direct the

17   recovery of full costs . . . to an aggrieved party who prevails.").  Plaintiff seeks $1,116.88 in costs,

18   including: (1) $650 for investigative expenses; (2) $18.66 for courier charges; (3) $350 for the

19   complaint filing fee; (4) $8.22 for photocopying charges; and (5) $90 for service of process

20   charges.  Riley Decl. Ex. 1.  Plaintiff, however, provides no authority for the recovery of its

21   investigative fees, and courts have refused to award pre-filing investigation fees to the prevailing

22   party.  *See, e.g., Joe Hand Promotions Inc. v. Piacente*, No., Case No. C-10-3429 CW (JCS), 2011

23   U.S. Dist. LEXIS 60676, at *25-26 (N.D. Cal. April 11, 2011); *J & J Sports Productions, Inc. v.

24   Schrader Restaurant Corp.*, 485 F.Supp.2d 422, 424 (S.D.N.Y. 2007).  Further, Plaintiff provides

25   _____

     [2] The Court has found various billing entries that appear to be unnecessarily duplicative or

26   excessive in the amount of time spent on the stated activity.  At this juncture, the Court will not
     address these findings given Plaintiff's insufficient showing regarding the amount of attorneys'

27   fees requested.  However, the Court advises Plaintiff that in the event Plaintiff elects to submit
     additional information in support of its attorneys' fee request, Plaintiff should endeavor to

28   eliminate all hours from the fee calculation that are excessive, redundant, or otherwise unnecessary,
     i.e., hours that were not "reasonably expended" on this litigation.

United States District Court
For the Northern District of California

1    no documentation to support the amount sought for the courier charges and the photocopying

2    charges.  Accordingly, the Court will only allow reimbursement for costs in the amount of $440,

3    which consists of the $350 filing fee and the $90[3] Plaintiff requests for service of process charges.

4    *See* Civ. L.R. 54-3 (An award of costs may include the clerk's filing fee and fees for service of

5    process "to the extent reasonably required and actually incurred.").

6    **III.     CONCLUSION**

7          For the reasons discussed above, Plaintiff's Motion for Attorneys' Fees and Costs is

8    GRANTED IN PART AND DENIED IN PART.  Plaintiff's request for attorneys' fees is

9    DENIED.  Plaintiff's request for costs for $350.00 for the complaint filing fee and $90 for the

10   service of process charges is GRANTED.  Plaintiff's request for costs for investigative expenses,

11   courier charges, and photocopying charges is DENIED.

12         Plaintiff may submit additional documentation supporting its request for attorneys' fees by

13   no later than seven (7) days from the date this Order is filed.  The Court warns Plaintiff that the

14   failure to timely file additional documentation addressing the deficiencies discussed above will

15   result in the denial of its request for attorneys' fees with prejudice.

16   **IT IS SO ORDERED.**

17

18   Dated: March 24, 2014                    *Lucy H. Koh*
                                              LUCY H. KOH
19                                            United States District Judge

20

21

22

23

24

25

26

27

28

---

[3] Plaintiff's supporting documentation show that Plaintiff actually incurred a total of $187.50 in service of process charges.  Riley Decl. Ex. 4 (showing $45 for serving Maria Cisneros Ortiz, $37.50 for serving Jesus Cisneros Ortiz, and $105 for serving Ventura Ortiz).  Because Plaintiff is only requesting $90 for service of process charges, the Court will only award Plaintiff up to that amount.

Case No.: 12-CV-05766-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS